IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TONY ZAQUECE WHEELER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12CV107 |
| v. | ) | 1:06CR323-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Tony Zaquece Wheeler, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:06CR323-1, Doc. #50]. On December 14, 2006, Petitioner was convicted of five counts of distribution of cocaine base in violation of §841(a)(1) and (b)(1)(A), (B), or (C). He was then sentenced to five concurrent sentences of 240 months imprisonment based on the statutory mandatory minimum sentence applicable after the filing of an Information of Prior Conviction by the Government.[1] Following an unsuccessful appeal, Petitioner filed the present Motion [Doc. #50].

Petitioner raises a single claim for relief in his Motion, contending that his sentences under 21 U.S.C. § 841(b)(1) are invalid in light of the decision of the Court of Appeals for the Fourth Circuit in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), because the Information of Prior Conviction filed in this case pursuant to 21 U.S.C. § 851 was based on a state conviction that was not punishable by more than one year of imprisonment. After initially

---

[1] Defendant received a sentence of 240 months for each count, but the sentence was driven by the statutory mandatory minimum sentence for the violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) with the Information of Prior Conviction.

opposing Petitioner's Motion, the Government has now filed a Supplemental Response, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Information of Prior Conviction would not qualify as a predicate felony conviction in light of Simmons. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction. Based on this determination, the Government concedes that relief should be granted pursuant to 28 U.S.C. § 2255, that the sentences in this case should be vacated, and that this matter should be set for resentencing.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[2] The parties thus agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.[3] The Court has reviewed the state court

---

[2] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[3] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The Government's position would include claims by defendants such as Petitioner who received a sentence enhancement based on an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851, if that enhancement is no longer supported by a predicate felony in light of Simmons, if the enhancement resulted in an increase in the applicable statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1), and if the enhanced mandatory minimum was above the otherwise-applicable sentencing range under the United States Sentencing Guidelines. The Court further notes that the Government has agreed that relief should be granted in this case, even though Petitioner's sentence of 240 months did not exceed the otherwise-applicable statutory maximum that would apply even without the enhancement. The Court will proceed on the basis of this concession, taking it as the position of the Government that the sentences are "otherwise subject to collateral attack" under 28 U.S.C. § 2255 in these circumstances.

In addition, in taking these positions, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to defendants in this category. Cf. Teague v. Lane, 489 U.S. 289, 306
(continued...)

judgment reflecting Petitioner's prior conviction that was set out in the Information of Prior Conviction, and the Court notes that Petitioner's prior conviction was a Class I felony with a prior record level of I sentenced in the presumptive range. The maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted, that his sentence be vacated, and that he be resentenced.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #50] be GRANTED, that the Judgment [Doc. #31] be VACATED, and that this matter be set for resentencing.

This, the 13th day of March, 2013.



/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

³(...continued)
(1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law." Id. Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review. Thus, it does not appear that the decision in Powell would preclude the position the Government takes here. In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

3